# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. ACT. NO. 1:19-cr-091-TFM-N |
| ) | |
| HEATHER SIZEMORE PIERCE ) | |
| ) | |

## ORDER

Pending before the Court are Defendant Heather Sizemore-Pierce's *pro se Emergency Motion* (Doc. 41, filed 7/23/20), the *pro se* petition for 3621(e) credit for time (Doc. 44, filed 8/17/20), a *pro se* addition to her original motion (Doc. 47, filed 9/14/20), the *pro se* Motion to Appoint an Attorney (Doc. 48, filed 9/22/2). Defendant also filed several character letters and exhibits in support. *See* Docs. 46, 49, 51, 52. In sum, Defendant seeks early release under 18 U.S.C. § 3582(a). The United States timely responded to the motions for release. *See* Doc. 50. Defendant filed a reply on October 13, 2020. *See* Doc. 53. After a review of the various motions, exhibits, character letters, medical records, the United States' response, and Defendant's reply, the Court finds the motions are due to be **DENIED** as discussed below.

The Court file reflects that Defendant is presently serving a 46-month prison term after she pled guilty on May 23, 2019, to unlawful possession of a firearm by a felon. Petitioner is 37 years old and has 5 felony convictions starting at age 19. Sizemore-Pierce is confined at FCI Hazelton, a medium-security federal correctional institution in Bruceton Mills, West Virginia, and has a projected release date of July 6, 2022 to follow with a 3 year term of supervised release. *See* Doc. 33.

Sizemore-Pierce is one of several defendants to petition this Court for compassionate

release or modification of sentence based on the effects of the COVID-19 pandemic.  Collectively the *pro se* motions appear to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons ("BOP"), but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  § 3582(c)(1)(A).  In her original motions, Defendant did not show that she had either (i) exhausted her administrative rights to appeal within the BOP system, or (ii) made a specific request to the warden of FCI.  However, after the Government's response, Defendant filed a letter where she attached her administrative request for a reduction in sentence including the denial.  *See* Doc. 51.  She also filed her reply wherein she attached two letters showing the Warden's denying of her Reduction in Sentence.  *See* Doc. 53 at 3-4 (Warden Responses dated 8/10/20 and 9/8/20).  In short, Sizemore-Pierce prematurely filed her motions and they could be denied a procedurally defective; but, at this point, the statutory prerequisites have now been met so they Court will move on to the substantive analysis.

The Court finds that Sizemore-Pierce has not made the necessary showing that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Any reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical

condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.*

Sizemore-Pierces' claim rests solely on category (iv). Although the Sentencing Commission does recognize a catch-all category for other reasons "[a]s determined by the Director of the Bureau of Prisons," it appears inapplicable here. The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" under the fourth prong of the Sentencing Commission's policy statement. Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on the general existence of the COVID-19 pandemic, or the possible illnesses of other inmates. As such, Defendant is effectively urging this Court to find that her circumstances constitute an "extraordinary and compelling reason" for § 3582(c)(1)(A) relief, even though doing so would <u>not</u> be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would <u>not</u> be consistent with the Sentencing Commission's applicable policy statement. Simply put, then, her motions would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially superimposing the Court's own policy preferences over those of the Sentencing Commission and the Bureau of Prisons. This Court declines to do so.

Even assuming this Court were empowered now to make determinations of "extraordinary and compelling reasons" in addition to those specified in U.S.S.C. § 1B1.13 and PS 5050.50, the Court would not find that the circumstances described by Sizemore-Pierce meet that high standard

for compassionate release. Sizemore-Pierce has identified no reason to believe she is at a heightened risk of becoming infected with the coronavirus in her present place of incarceration more so than any other inmate or that if she were infected the Bureau of Prisons could not provide adequate care either within a Bureau of Prisons facility or a free world facility. Accordingly, the Court finds that Sizemore-Pierce has made no showing of the sort of "extraordinary and compelling reasons" contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) that might warrant the discretionary exercise of any First Step Act authority for compassionate release or sentence modification.

Finally, even if Sizemore-Pierce met her burden, then the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a) when deciding whether to exercise its discretion in whether or not to grant the motion. 18 U.S.C. § 3582(c)(1)(A). In this case, the sentencing factors clearly do not favor early release or home confinement. For example, Sizemore-Pierce, possessed a weapon after several prior felony convictions. Heretofore, Sizemore-Pierce has primarily committed several fraud related felonies. Her current plea to possession of a firearm after her previous felony convictions indicates to the Court that Sizemore-Pierce has escalated from being a financial danger to the community to also being a physical danger to the community. The Court finds Sizemore-Pierce, because of her substance abuse history and criminal history, represents a danger to the community which cannot be reasonably offset during home confinement or early release.

For all of these reasons, the Defendant's *pro se* motions (Docs. 41, 44) are **DENIED**. Further, the Court finds no compelling circumstances to appoint counsel based upon the matters currently before the Court. As such, the motion to appoint counsel (Doc. 48) is also **DENIED**.

**DONE** and **ORDERED** this 2nd day of November, 2020.

                                              s/ Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE